### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **WILLIAM MONROE,** | § | |
| Petitioner, | § | |
| V. | § | **C.A. NO. C-08-181** |
| | § | |
| **STATE OF TEXAS, et al.,** | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner incarcerated at the McConnell Unit in Beeville, Texas (D.E. 1). Petitioner states that he was convicted in July 2006 and sentenced to serve ten years in the custody of TDCJ-CID in the 331st District Court of Travis County, Texas (*Id.*).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6), and he was convicted by a court located in the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because petitioner was convicted in Travis County, it is more convenient for this action to be handled in the Austin Division of the

Western District of Texas. The records of his conviction, the prosecutor and defense lawyer, and the witnesses are all located in the Austin Division of the Western District of Texas.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, Austin Division. All pending motions are denied without prejudice, subject to re-urging after this action is transferred.

ORDERED this 6th day of June, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE